UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

MELISSA SUE CULANE,
    Debtor.
_____/

Case No. 16-21427-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING ORGAN PROCUREMENT AGENCY OF MICHIGAN'S
OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS

Background

The Debtor claims that her former employer, Organ Procurement Agency of Michigan ("OPA"), owes her unpaid pension benefits pursuant to the Employment Retirement Income Security Act ("ERISA"). She demanded payment from OPA on June 1, 2016 and OPA denied her request on December 14, 2016. But in the meantime, she filed a Chapter 7 petition with this Court on August 8, 2016. She did not disclose her ERISA demand or account, and she received a discharge on December 6, 2016.

In response to OPA's refusal, the Debtor filed a lawsuit against OPA on August 1, 2017 in the District Court for the Eastern District of Michigan. OPA filed a Motion for Summary Judgment asserting that the Debtor's claim against it is barred by the doctrine of judicial estoppel. The District Court denied OPA's motion. As the District Court sufficiently stated:[1]

    IV.    Winchell Filed A Motion To Reopen Her Bankruptcy Case

    After the hearing on Gift of Life's motion, Winchell filed a motion to reopen her case in the Bankruptcy Court. In that motion, Winchell indicated that she filed an amended Schedule B to list her ERISA claim as an asset, and filed an amended Schedule C claiming that any benefits she recovers are exempt from her estate pursuant to 11 U.S.C. § 541.

---

[1] Since her bankruptcy petition, the Debtor's name changed to Melissa Winchell and OPA was referred to as "Gift of Life" in the District Court. This Court retained the names associated by each party in the pleadings filed with this Court.

1

A bankruptcy court, in its discretion, may reopen a bankruptcy case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). *See also Smyth v. Edamerica, Inc. (In re Smyth)*, 470 B.R. 459, 462 (6th Cir. B.A.P. 2012). "Neither 11 U.S.C. § 350(b) nor Federal Rule of Bankruptcy Procedure 5010 impose[s] a limit on the time to file a motion to reopen." *In re McCoy*, 560 B.R. 684, 688 (6th Cir. B.A.P. 2016).

If the Bankruptcy Court chooses to reopen the case and finds that Winchell's ERISA claim is not exempt from her estate, the Court will allow Gift of Life to file a renewed motion for summary judgment based on judicial estoppel.

The Debtor requested that her case be reopened, this Court granted that request, and the Debtor amended her Schedules. The Debtor described her claim as an "ERISA claim for qualified retirement benefits" as exempt pursuant to 11 U.S.C. § 522(b)(3)(C). OPA objected to these amendments and also negotiated a resolution with the Trustee regarding the Debtor's claim against it. The Trustee, in turn, believed he negotiated a settlement with the Debtor regarding her exemptions and assets, but it subsequently arose that a settlement was not made. Since the record and pleadings before the Court were not clear, the Court allowed the parties additional time to adopt, amend, or supplement their earlier pleadings. The Court then heard oral argument on January 11, 2019 and took this matter under advisement.

## Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157, and E.D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate or exemptions from property of the estate).

## Applicable Law

11 U.S.C. § 541(c)(2)

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 522(b)(3)(C)

(3) Property listed in this paragraph is —

. . .

(C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

## Analysis

A debtor's beneficial interest in an ERISA-qualified plan is excluded from the debtor's estate. *Patterson v. Shumate,* 504 U.S. 753 (1992). In *Patterson*, Joseph Shumate was employed by Coleman Furniture Corporation, which had an ERISA-qualified pension plan. Mr. Shumate was a participant in this plan. Coleman Furniture filed for Chapter 11 relief and subsequently converted to Chapter 7. Roy Creasy was appointed the Chapter 7 Trustee and he terminated and liquidated the pension plan, and in doing so he provided a full distribution to all participants except Mr. Shumate. By that time, Mr. Shumate filed his own personal bankruptcy petition and his Chapter 7 Trustee, John Patterson, filed an adversary proceeding against Mr. Creasy to compel him to pay Mr. Shumate's interest to his Chapter 7 estate. Mr. Shumate joined the issue by claiming that his ERISA interest was excluded by virtue of 11 U.S.C. § 541(c)(2). The Supreme Court agreed.

OPA argues that the Debtor's interest cannot be excluded because OPA never created an account for her, so she cannot rely on *Patterson*. But at this early stage of this litigation, OPA's position is not sustainable.

First, Section 541(c)(2) does not require an "account". Instead, the statute only requires that a debtor have a beneficial interest in a trust. And the District Court action was filed to determine, what, if any, interest the Debtor has in the trust of OPA. While it is true that the Debtor had to resort to a lawsuit for that determination, so did Mr. Patterson and Mr. Shumate, but the Supreme Court did not find that requirement determinative. Stated differently, both Mr. Patterson and Mr. Shumate filed lawsuits, but the United States Supreme Court did not find that the filing of a lawsuit disqualified the claim from protection under ERISA and Section 541(c)(2).

Second, Debtor states she has an interest recognized by ERISA and the District Court has characterized her claim as such, pending a final determination. The open question posed by the District Court is whether the Debtor's claims, if recognized by ERISA, are part of the bankruptcy estate. Per *Shumate*, the answer is no, and the Court sees no further necessary action by the Debtor in this case if her claims are ERISA-based, as required by *Patterson*.

Third, OPA may be right that all the Debtor has is a cause of action to assert ERISA claims. But since the successor trustee in *Patterson* refused his request for distribution after the plan was terminated and liquidated, all Mr. Shumate had was a cause of action as well. That said, the Court recognizes that the Debtor's claims against OPA are of a breach of fiduciary variety, but the Court cannot at this point determine if that distinction makes a difference.

Finally, this Court is not the correct court to make a determination of whether the Debtor has rights under ERISA. If she does, those rights are not part of the bankruptcy estate.

OPA argues strongly that the Debtor has acted in bad faith and her claim exception or exemption should be permitted, citing *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984). The United States Supreme Court prohibits this Court from denying an exemption because of bad faith. *Law v. Siegel*, 571 U.S. 415 (2014). The Sixth Circuit Court of Appeals has held as well in *Ellmann v. Baker (In re Baker)*, 791 F.3d 677 (6th Cir. 2015).

Assuming arguendo that the Debtor receives damages that are ERISA-protected as held by *Patterson*,[2] this Court, at this time, cannot sustain OPA's objection to exemptions because these funds are not property of the estate. But if damages are determined beyond ERISA, then OPA may renew its objection to exemptions claimed by the Debtor if the limits of 11 U.S.C. § 522 are exceeded.

Counsel for Ms. Culane is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on February 28, 2019**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge

---

[2] The *Patterson* Court engaged in an analysis of whether the funds in question were ERISA-qualified. That has not yet happened in this case, so this Court has no opinion on that issue.